**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND GUTHREY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | 1:10-cv-02177-OWW-GSA<br><br>MEMORANDUM DECISION REGARDING MOTION TO DISMISS (Doc. 8) |

## I. INTRODUCTION.

Plaintiff Raymond Guthrey ("Plaintiff") brings this employment discrimination action against the California Department of Corrections and Rehabilitation ("CDCR") and Michael Pate, Jr. ("Pate").

On December 16, 2010, Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. 8). Plaintiff filed opposition to Defendants' motion on February 18, 2011. Defendants filed a reply on February 24, 2011. (Doc. 10).

## II. FACTUAL BACKGROUND.

Plaintiff is a 56-year-old Caucasian male who subscribes to the Ananda Marga faith. Followers of the Ananda Marga believe in allowing the hair on their heads, faces, and bodies to grow

**1**

naturally. In observance of his faith, Plaintiff maintains a full beard and long hair.

From 1984 until retirement in 2008, Plaintiff worked as a Correctional Counselor at Sierra Conservation Center, a CDCR facility. Throughout his employment, Plaintiff exceeded expected standards during his annual performance reviews.

During his employment, Defendant Pate, a CDCR employee, regularly called Plaintiff "Ragjeesh" and other slurs directed towards persons of Middle Eastern or South Asian ancestry. Plaintiff was also accused of being homosexual because he did not identify with the "macho" male stereotype embraced by Pate and other CDCR employees. After wearing a kilt in honor of a colleague who was given an award, Plaintiff was told that "men don't wear dresses" and was derogatorily referred to as a woman by CDCR employees.

In early 2010, Plaintiff applied to participate in CDCR's retired annuitant program as a contract employee. On April 29, 2010, Pate contacted Plaintiff and extended an offer of employment to him on behalf of the CDCR. Plaintiff accepted the offer and agreed to begin working on May 3, 2010. During the April 29, 2010 phone call, Plaintiff discussed grooming standards with Pate. Pate stated "just don't wear a kilt." Pate also stated that Plaintiff had "gone south" at the time that Plaintiff instituted a counseling program at Sierra Conservation Center involving turban-wearing Ananda Marga clergy.

On May 3, 2010, Plaintiff arrived at Sierra Conservation Center to begin his position. Plaintiff was scheduled to attend a week-long training. Upon his arrival in the training classroom,

Plaintiff observed Pate gesturing wildly and jabbing his finger toward the door while staring at Plaintiff. Pate stomped toward Plaintiff, grabbed him by the arm, and forced him into the hallway. Pate physically blocked Plaintiff from entering the classroom. Pate told Plaintiff that "this" was not going to work and that Plaintiff was to leave the grounds immediately.

Plaintiff attempted to contact CDCR employees about the incident, but none of his telephone or email messages were returned.

### III. LEGAL STANDARD.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to

survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

///

///

**4**

**IV. Discussion**

**A. The CDCR's Eleventh Amendment Immunity**

Plaintiff's first, second, third, and seventh causes of action are advanced only against CDCR. As Plaintiff acknowledges, CDCR is a state entity. (Complaint at 1). The Eleventh Amendment of the United States Constitution grants state entities such as the CDCR immunity from suits for damages in federal court. *See, e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (noting that Nevada Department of Corrections was a state agency immune from suit under the Eleventh Amendment).

Although Plaintiff's prayer for relief includes a request for injunctive relief, Plaintiff lacks standing to pursue the remedy he requests. The complaint seeks an injunction:

> enjoining [Defendants] from discriminating against CDCR employees on the basis of religion, ancestry, or gender identity, and compelling Defendant CDCR to take affirmative steps to promote a culture of understanding and diversity among its employees.

(Complaint at 11). As Plaintiff is no longer working for the CDCR, he has no standing to seek injunctive relief tailored to benefit current employees. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (recognizing that former employees lack standing to seek injunctive relief because they would not stand to benefit from an injunction requiring the anti-discriminatory policies to cease at their former place of work)(citation omitted).

The first, second, third, and seventh causes of action fail to state cognizable claims; these claims are DISMISSED.

///
///

**B.  Federal Claims**

    **1. Section 1981 Claim**

Plaintiff's fourth cause of action under section 1981 is advanced against "all Defendants." Plaintiff's section 1981 claim is based on his contention that he was "deprived [] of the...right to be free from intentional discrimination based on race, as provided in 42 U.S.C. § 1983."

Section 1981 guarantees "'all persons' the right to 'make and enforce contracts.'" *Johnson v. Riverside Healthcare Sys, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(a)). "This right includes the right to the 'enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship,' including the relationship between employer and employee." *Id*. (quoting section 1981(b)). In the employment context, courts apply Title VII standards to section 1981 claims. *See Manatt v. Bank of America, NA*, 339 F.3d 792, 797 (9th Cir. 2003) (the "legal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action"). Title VII makes it an "unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's race." 42 U.S.C. § 2000e *et seq*.

As an initial matter, Plaintiff's fourth cause of action fails as to CDCR because section 1981 does not provide a cause of action against state entities. *See, e.g., Pittman v. Oregon*, 509 F.3d 1065, 1074 (9th Cir. 2007) ("we hold that § 1981 does not contain a cause of action against states"). To the extent Plaintiff seeks

to sue Pate in his official capacity, such a claim is not cognizable, because an official capacity claim is in effect one against the state. *See Binum v. Warner*, 314 Fed. Appx. 914, 914-15 (9th Cir. 2008) (unpublished) (official capacity suit against employee of state agency not cognizable under section 1981).

Plaintiff's only cognizable section 1981 claim is against Pate in his individual capacity. Defendants contend that the complaint fails to state a claim under section 1981 because its allegations are implausible. Defendants argue that "plaintiff's allegations regarding his interactions with Pate concerning the retired annuitant position do not suggest the influence of racially discriminatory animus." (Motion to Dismiss at 8). Defendants' discussion of the complaint's allegations is incomplete.

The complaint alleges that Pate used derogatory racial slurs to refer to Plaintiff. Specifically, the complaint alleges that Pate "regularly called Plaintiff 'Ragjeesh' and other slurs directed towards persons of Middle Eastern or South Asian ancestry." (Complaint at 3). The complaint also alleges that Pate's decision to take adverse employment action against Plaintiff was motivated by Pate's perception of Plaintiff's race. The complaint contains sufficient factual allegations to support an inference that Pate's adverse employment action against Plaintiff was motivated by racial animus; Plaintiff's allegations, accepted as true, "give rise to an inference of unlawful discrimination." *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (discussing elements of emloyment discrimination claim); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) (same). The credibility of Plaintiff's theory is a matter

**7**

for trial.

### 2. Section 1983 Claim

Plaintiff's fifth cause of action is a section 1983 employment discrimination claim. Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988); 42 U.S.C. § 1983.

The complaint does not allege any cognizable section 1983 claim against the CDCR, as the CDCR is immune from damages suits in federal court and Plaintiff lacks standing to pursue the injunctive relief he requests. Plaintiff's only cognizable section 1983 claim is against Pate in his individual capacity.

Defendants contend that Plaintiff's section 1983 claim is subject to dismissal because Plaintiff has not alleged a protected property interest in employment with the CDCR. Defendants' argument is misplaced. The cases Defendants cite, such as *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir.2004), *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir.1994), *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142-43 (3d Cir.2000), and *Lum v. Jensen*, 876 F.2d 1385, 1389 -1390 (9th Cir.1989) all concern due process claims under section 1983, not employment discrimination claims. Although the complaint alleges violation of Plaintiff's due process rights based on his termination, the complaint also alleges an equal protection violation.

Plaintiff's opposition to the motion to dismiss argues that Plaintiff's section 1983 claim survives because section 1983 provides relief for alleged violations of his federal statutory

**8**

rights under Title VII.  To the extent Plaintiff's claim is based on purported violations of Title VII, Plaintiff's claim is not cognizable.  Title VII provides the exclusive federal remedy for violation of its own terms.  *See, e.g., Mummelthie v. City of Mason City*, 873 F. Supp. 1293, 1323 (N.D. Iowa 1995) (citing *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 928, 933 (5th Cir. 1988); *see also Learned v. Bellevue,* 860 F.2d 928, 933 (9th Cir. 1988) ("Violation of rights created by Title VII cannot form the basis of section 1983 claims") (citing *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979) *superceded on other grounds by statute as stated in Alexander v. Gerhardt Enters.*, 40 F.3d 187, 192 (7th Cir. 1994)).

**C. Remaining Claims**

Plaintiff's sixth and seventh causes of action assert claims under California Government Code section 12940, California's Fair Employment and Housing Act ("FEHA").  CDCR is immune.  *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("California has not waived its immunity to FEHA actions in federal court").  Pate is not subject to claims under section 12940, as only an individual's employer may be held liable under FEHA. *Janken v. GM Huges Electronics*, 46 Cal. App. 4th 55, 80 (Cal. Ct. App. 1996).

Plaintiff's eighth cause of action is for termination in violation of public policy; this claim is not cognizable against a state entity or its employees.  *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 900 (Cal. 2008).

Plaintiff concedes the sixth, seventh, and eighth causes of action are subject to dismissal.  These claims are DISMISSED, with

9

prejudice.

**ORDER**

For reasons stated above, IT IS ORDERED:

1) Plaintiff's first, second, third, and fifth causes of action are DISMISSED, without prejudice;

2) Plaintiff's sixth, seventh, and eighth causes of action are DISMISSED WITH PREJUDICE;

3) Plaintiff shall submit an amended complaint within 20 days of electronic service of this order; Defendants shall file responsive pleading within 30 days of service of any amended complaint; and

4) Defendants shall file a form of order consistent with this memorandum decision within 5 days of electronic service of this decision.

IT IS SO ORDERED.

**Dated:   March 29, 2011**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE