UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GUTHREY,<br><br>    Plaintiff,<br><br> v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br>MICHAEL PATE, JR., and DOES 1<br>through 25, inclusive,<br><br>    Defendants.<br>_____ | 1:10-cv-2177 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 4/29/12<br><br>Non-Dispositive Motion<br>Filing Deadline: 5/15/12<br><br>Non-Dispositive Motion<br>Hearing Date: 6/15/12 9:00<br>Ctrm. 10<br><br>Dispositive Motion Filing<br>Deadline: 5/30/12<br><br>Dispositive Motion Hearing<br>Date: 7/2/12 10:00 Ctrm. 3<br><br>Early Settlement Conference<br>Date: 11/16/11 10:00 Ctrm.<br>10<br><br>Later Settlement Conference<br>Date: 7/19/12 10:00 Ctrm.<br>10<br><br>Pre-Trial Conference Date:<br>8/6/12 11:00 Ctrm. 3<br><br>Trial Date: 9/18/12 9:00<br>Ctrm. 3 (JT-7 days) |

I.   Date of Scheduling Conference.

 May 19, 2011.

1

1  II.   Appearances Of Counsel.

2      Seibert & Bautista by Shannon Seibert, Esq., appeared on

3  behalf of Plaintiff.

4      Jeffrey I. Schwarzschild, Esq., Deputy Attorney General,

5  appeared on behalf of Defendants.

6  III.  Summary of Pleadings.

7      A.   Plaintiff's Contentions.

8          1.   Plaintiff Raymond Guthrey (Mr. Guthrey or

9  Plaintiff) contends that the California Department of Corrections

10 and Rehabilitation (CDCR or the Department) and Michael Pate, Jr.

11 (Mr. Pate) violated his constitutional and statutory rights when

12 they terminated his employment as a Retired Annuitant

13 Correctional Counselor I (CCI) at the Sierra Conservation Center

14 (SCC).  Mr. Guthrey was hired as a Retired Annuitant CCI on April

15 29, 2010 and was to begin working on May 3, 2010.  Mr. Guthrey

16 arrived to begin his new position on May 3, 2010 with his beard

17 trimmed and his long hair tucked above his collar.  Mr. Guthrey

18 maintains a full beard and long hair in observance of his Ananda

19 Marga faith.  Immediately upon observing Mr. Guthrey's

20 accoutrements that Mr. Pate believed to be religious and Middle

21 Eastern, Mr. Pate became enraged, acted to terminate Mr.

22 Guthrey's employment, and ejected him from the grounds of the

23 SCC.  In so doing, Mr. Pate was motivated by discriminatory

24 animus toward Mr. Guthrey because of Mr. Guthrey's religious

25 beliefs and practices as well as Mr. Pate's perception of Mr.

26 Guthrey's national origin.  The CDCR was informed of Mr. Pate's

27 wrongful actions by Mr. Guthrey numerous times.  Despite being so

28 informed, the CDCR refused to take corrective action.  Mr.

2

1   Guthrey alleges that Defendants' discriminatory and

2   unconstitutional conduct caused him to suffer severe emotional

3   distress and the loss of earnings and related benefits.

4   Plaintiff seeks declaratory relief for the violation of his

5   constitutional rights, monetary relief for the violation of his

6   constitutional, statutory and common law rights, and injunctive

7   relief in the form of reinstatement as a CCI Retired Annuitant at

8   the Sierra Conservation Center.

9        B.   Defendants' Contentions.

10        1.   Defendants deny all of Plaintiff's principal

11   allegations and specifically deny that Plaintiff suffered any

12   discrimination or constitutional violation because of his

13   perceived racial, national origin, gender, or religious traits.

14   Defendants contend that any actions taken were taken in the

15   legitimate exercise of managerial discretion, and were based on

16   nondiscriminatory and non-retaliatory reasons.  Defendant acted

17   at all relevant times within the scope of proper managerial

18   discretion, in good faith and with due care, and pursuant to

19   applicable policies, procedures, regulations, and laws.

20        2.   Specifically, Defendants contend that Plaintiff's

21   racial, national origin, gender, and religious traits were well

22   known to those persons, particularly Mr. Pate, responsible for

23   the retired annuitant appointment process, and that if Mr. Pate

24   had held a discriminatory animus towards Plaintiff he would not

25   have sought to secure his services as a retired annuitant in the

26   first place.  Moreover, Defendants maintain that Plaintiff did

27   not suffer any discrimination or harassment when he was

28   previously employed by the CDCR and specifically deny that Mr.

1   Pate ever harassed or taunted Plaintiff because of Plaintiff's
2   alleged and/or perceived racial, national origin, sexual, or
3   religious traits.  Defendants contend that Plaintiff's services
4   were not used as retired annuitant because he presented to SCC
5   while non-compliant with the Department's Operations Manual
6   section 33020.6.1 (Correctional Peace officer Grooming Standards)
7   in that Plaintiff presented to SCC on May 3, 2010, with a full
8   untrimmed beard and hair that would extend below the top of a
9   shirt collar had it not been wound up in a bun at the base of his
10   neck.

11          3.   Defendants contend that Plaintiff cannot proceed
12   with several of his claims because they are barred by his failure
13   to exhaust administrative remedies and/or by the Defendants'
14   statutory and constitutional immunities.  Defendants also contend
15   that Plaintiff would have to offset any recovery in this case by
16   the amount of money he owes the Department from a prior judgment
17   for attorney fees and costs assessed against him for bringing a
18   frivolous lawsuit in the late 1990's (Tuolumne County Superior
19   Court Case No. 39218; *see also*, *Guthrey v. State of California*,
20   (1998) 63 Cal.App.4th 1108).

21   IV.  Orders Re Amendments To Pleadings.

22          1.   After meeting and conferring with Defendants' counsel
23   in preparation of this Report, Plaintiff intends to request leave
24   of the Court to file a Second Amended Complaint (SAC).  Plaintiff
25   intends to remove from the complaint the eighth cause of action
26   (Sex Discrimination in violation of Title VII), and to change the
27   seventh cause of action from Race Discrimination to National
28   Origin/Ancestry Discrimination.  In addition, Plaintiff will

                                  **4**

1  clarify that Plaintiff is seeking declaratory and injunctive

2  relief only in Cause of Action Numbers 1, 2, and 3.  Plaintiff

3  will present the Court with the SAC concurrently with his request

4  for leave to amend.

5      2.    Defendants' counsel further requested that Plaintiff

6  remove from his complaint the ninth cause of action, Intentional

7  Infliction of Emotional Distress against Mr. Pate as an

8  individual.  Plaintiff's and Defendants' counsel disagree on the

9  matter of whether Plaintiff has complied with the California

10  Government Claims Act.  Thus, it is a matter that will be

11  resolved by the Court.

12  V.   Factual Summary.

13      A.   Admitted Facts Which Are Deemed Proven Without Further

14  Proceedings.

15          1.    Plaintiff retired from the CDCR on December 29,

16  2008.

17          2.    Plaintiff applied for a retired annuitant

18  appointment as a CCI in or about February, 2010.

19          3.    Plaintiff was approved by the CDCR to be appointed

20  as a retired annuitant CCI in or about April 2010.

21          4.    Mr. Pate told Plaintiff to report to the SCC on

22  May 3, 2010.

23          5.    The salary range for retired annuitants appointed

24  to a Correctional Counselor I position with CDCR is approximately

25  $6,421 to $7,437 per month.

26          6.    A retired annuitant appointment cannot exceed a

27  total of 960 hours in any calendar year without, among other

28  things, affecting his or her retirement status.

7.    On May 3, 2010, Plaintiff arrived at the SCC with a beard and hair that would have extended below his shirt collar if it had not been tied up.

8.    Mr. Pate at all times was a duly authorized and acting correctional peace officer and acting within the course and scope of his employment for CDCR and under color of law.

B.    Contested Facts.

1.    Whether Plaintiff has been employed by the CDCR since December 29, 2008, the date of his service retirement.

2.    Whether Plaintiff maintained a full beard and long hair in observance of any religious belief.

3.    Whether Plaintiff ever communicated to any CDCR representative that he maintained a full beard and long hair in observance of any religious belief.

4.    Whether Pate knew of Plaintiff's faith and subjected him to criticism for his religious beliefs.

5.    Whether Plaintiff suffered any harassment or taunting prior to his retirement from the CDCR.

6.    Whether Pate ever subjected Plaintiff to any taunting or harassment based on Plaintiff's religious traits or his perceived ancestry.

7.    Whether, after his retirement, Plaintiff entered into a six-month employment contract, or in fact, any contract with the CDCR.

8.    What was said during Plaintiff and Pate's telephone conversations prior to May 3, 2010.

9.    What transpired between Plaintiff and Pate on May 3, 2010.

6

1    10.   Whether Mr. Pate prevented Plaintiff from

2  beginning his training as a retired annuitant CCI and ordered him

3  to leave the grounds of the SCC on May 3, 2010.

4    11.   Whether Pate's conduct on May 3, 2010 was

5  motivated by an intent to humiliate and harm Plaintiff due to

6  Plaintiff's religion and perceived ancestry.

7    12.   What transpired during Plaintiff's communications

8  with the CDCR on or after May 3, 2010.

9    13.   Whether retired annuitants' appointments may be

10  continued if an application is submitted to, and approved by, the

11  Board of Administration of the Public Employees' Retirement

12  system.

13    14.   Whether Plaintiff suffered any emotional distress

14  or economic damages as a result of Defendants' acts or omissions.

15  VI.  Legal Issues.

16    A.   Uncontested.

17    1.   Jurisdiction exists under 28 U.S.C. § 1331, 42

18  U.S.C. §§ 1983, et seq., and 28 U.S.C. § 1367.

19    2.   Venue is proper under 28 U.S.C. § 1391.

20    3.   The parties agree that as to the supplemental

21  claims, the substantive law of the State of California provides

22  the rule of decision.

23    B.   Contested.

24    1.   Whether Plaintiff exercised, and whether

25  Defendants violated Plaintiff's constitutional right to free

26  exercise of religion.

27    2.   Whether Plaintiff had a liberty or property

28  interest in a retired annuitant position with the Department that

created a right to due process, and whether Defendants violated that right.

    3.    Whether Plaintiff had a right to equal protection that was violated by the Defendants.

    4.    Whether Plaintiff can maintain a 42 U.S.C. § 1983 cause of action against Pate for violation of Plaintiff's civil rights.

    5.    Whether Plaintiff can maintain a 42 U.S.C. § 1983 cause of action against Pate for race discrimination.

    6.    Whether Defendants subjected Plaintiff to religious discrimination under 42 U.S.C. §§ 2000e, et seq.

    7.    Whether Defendants subjected Plaintiff to national origin discrimination under 42 U.S.C. §§ 2000e, et seq.

    8.    Whether Plaintiff complied with the California Government Claims Act such as to allow him to maintain a common law tort cause of action for Intentional Infliction of Emotional Distress against Mr. Pate.

    9.    Whether Plaintiff is entitled to declaratory relief as a result of the alleged violations of his constitutional rights.

    10.   Whether Plaintiff is entitled to monetary damages as a result of any of the Defendants' conduct.

    11.   Whether Mr. Pate's alleged conduct warrants the awarding of exemplary damages.

    12.   Whether, after his retirement, Plaintiff had an employment contract or other property or liberty interest with the Department.

    13.   Whether Plaintiff's bankruptcy discharged his

8

obligation to pay the Department for the attorney fees and costs
it incurred in defending his prior lawsuit, which Plaintiff lost
at summary judgment, as well as the costs awarded to the
Department in opposing his appeal in that case.

VII. Consent to Magistrate Judge Jurisdiction.

     1.    The parties have not consented to transfer the
case to the Magistrate Judge for all purposes, including trial.

VIII.     Corporate Identification Statement.

     1.    Any nongovernmental corporate party to any action in
this court shall file a statement identifying all its parent
corporations and listing any entity that owns 10% or more of the
party's equity securities.  A party shall file the statement with
its initial pleading filed in this court and shall supplement the
statement within a reasonable time of any change in the
information.

IX.  Discovery Plan and Cut-Off Date.

     A.    What Changes Should be made in the Timing, Form, or
           Requirement for Disclosures under Rule 26(a), Including
           a Statement of when Initial Disclosures were made or
           will be Made.

     1.    The parties do not anticipate that any changes
should be made in the timing, form, or requirement for
disclosures under Rule 26(a), and will complete initial
disclosures on or before June 2, 2011.

     B.    The Subjects on Which discovery may be Needed, when
           Discovery Should be Completed, and Whether Discovery
           Should be Conducted in Phases or Limited to or Focused
           on Particular Issues.

     1.    Discovery will be needed in the following areas:

         a.    the retired annuitant appointment process;

1              b.    Plaintiff's and Pate's work history and

2 relationship;

3              c.    the Correctional Peace Officer Grooming

4 Standards;

5              d.    the staffing of the retired annuitant

6 position Plaintiff claims he was denied;

7              e.    the events of May 3, 2010;

8              f.    CDCR's policies and practices regarding acts

9 or claims of discrimination in the workplace;

10              g.    personnel policies and procedures at the

11 Sierra Conservation Center and CDCR headquarters in Sacramento;

12 and

13              h.    Plaintiff's claimed damages (including

14 mitigation efforts).

15       2.    The parties do not believe that discovery should

16 be conducted in phases or limited or focused on particular

17 issues.

18    C.    Any Issues About Disclosures or Discovery of
Electronically Stored Information, Including the Form
19          or Forms in Which it Should be Produced.

20       1.    The parties will continue to meet and confer on

21 electronic data issues to narrow what needs to be produced,

22 whether metadata may be relevant, whether backup tape recovery is

23 an option or may be fruitful in this case, and the format in

24 which documents will be produced.  If the parties cannot resolve

25 these issues through the meet and confer process, they will seek

26 the Court's guidance.

27 ///

28 ///

**D.    Any Issues About Claims of Privilege or of Protection as Trial Preparation Materials, Including - if the Parties Agree on a Procedure to Assert These Claims After Production - Whether to ask the Court to Include Their Agreement in an Order.**

1.    Discovery in this case likely will call for the production of peace officer personnel files that are confidential pursuant to California statutory law.  The parties are willing to enter into a stipulated protective order regarding potentially relevant portions of Plaintiff's and Pate's personnel files and will meet and confer to take necessary safeguards to protect the privacy of third parties.

**E.    What Changes Should be Made in the Limitations on Discovery Imposed Under These Rules or by Local Rule, and What Other Limitations Should be Imposed.**

1.    The parties do not anticipate variation with the limitations on discovery imposed by the Federal Rules of Civil Procedure.

**F.    Any Other Orders that the Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c).**

1.    The parties anticipate that a protective order might be necessary in this case and, if so, will meet and confer in good faith to prepare an appropriate order for the Court's review and approval.

**G.    The case is scheduled as follows:**

1.    The parties shall make their initial disclosures on or before June 2, 2011.

2.    The parties are ordered to complete all non-expert discovery on or before January 31, 2012.

3.    The parties are directed to disclose all expert witnesses, in writing, on or before February 29, 2012.  Any

11

1  rebuttal or supplemental expert disclosures will be made on or

2  before March 30, 2012.  The parties will comply with the

3  provisions of Federal Rule of Civil Procedure 26(a)(2) regarding

4  their expert designations.  Local Rule 16-240(a) notwithstanding,

5  the written designation of experts shall be made pursuant to F.

6  R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

7  information required thereunder.  Failure to designate experts in

8  compliance with this order may result in the Court excluding the

9  testimony or other evidence offered through such experts that are

10 not disclosed pursuant to this order.

11         4.   The parties are ordered to complete all expert

12 discovery on or before April 29, 2012.

13         5.   The provisions of F. R. Civ. P. 26(b)(4) shall

14 apply to all discovery relating to experts and their opinions.

15 Experts shall be fully prepared to be examined on all subjects

16 and opinions included in the designation and their reports, which

17 shall include every opinion to be rendered and all reasons for

18 each opinion.  Failure to comply will result in the imposition of

19 sanctions.

20 X.   Pre-Trial Motion Schedule.

21      1.   All Non-Dispositive Pre-Trial Motions, including any

22 discovery motions, shall be filed on or before May 15, 2012, and

23 heard on June 15, 2012, at 9:00 a.m. before Magistrate Judge Gary

24 S. Austin in Courtroom 10.

25      2.   In scheduling such motions, the Magistrate

26 Judge may grant applications for an order shortening time

27 pursuant to Local Rule 142(d).  However, if counsel does not

28 obtain an order shortening time, the notice of motion must comply

1  with Local Rule 251 and this schedule.

2      3.   All Dispositive Pre-Trial Motions are to be

3  filed no later than May 30, 2012, and will be heard on July 2,

4  2012, at 10:00 a.m. before the Honorable Oliver W. Wanger, in

5  Courtroom 3, 7th Floor.  In scheduling such motions, counsel

6  shall comply with Local Rule 230.

7  XI.  Pre-Trial Conference Date.

8      1.   August 6, 2012, at 11:00 a.m. in Courtroom 3, 7th

9  Floor, before the Honorable Oliver W. Wanger.

10     2.   The parties are ordered to file a Joint Pre-

11 Trial Statement pursuant to Local Rule 281(a)(2).

12     3.   Counsel's attention is directed to Rules 281

13 and 282 of the Local Rules of Practice for the Eastern District

14 of California, as to the obligations of counsel in preparing for

15 the pre-trial conference.  The Court insists upon strict

16 compliance with those rules.

17 XII. Motions - Hard Copy.

18     1.   The parties shall submit one (1) courtesy paper copy to

19 the Court of any motions filed.  Exhibits shall be marked with

20 protruding numbered or lettered tabs so that the Court can easily

21 identify such exhibits.

22 XIII.  Trial Date.

23     1.   September 18, 2012, at the hour of 9:00 a.m. in

24 Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,

25 United States District Judge.

26     2.   This is a jury trial.

27     3.   Counsels' Estimate Of Trial Time:

28          a.   Five to seven days.

13

1    **4.**    Counsels' attention is directed to Local Rules
2    of Practice for the Eastern District of California, Rule 285.
3    **XIV. Settlement Conference.**

4    **1.**    A Settlement Conference is scheduled for November
5    16, 2011, at 10:00 a.m. in Courtroom 10 before the Honorable Gary
6    S. Austin, United States Magistrate Judge.  In the event that the
7    early settlement conference is unsuccessful, a final settlement
8    conference will be held July 19, 2012, at 10:00 a.m. in Courtroom
9    10.

10   **2.**    Unless otherwise permitted in advance by the
11   Court, the attorneys who will try the case shall appear at the
12   Settlement Conference with the parties and the person or persons
13   having full authority to negotiate and settle the case on any
14   terms at the conference.

15   **3.**    Permission for a party [not attorney] to attend
16   by telephone may be granted upon request, by letter, with a copy
17   to the other parties, if the party [not attorney] lives and works
18   outside the Eastern District of California, and attendance in
19   person would constitute a hardship.  If telephone attendance is
20   allowed, the party must be immediately available throughout the
21   conference until excused regardless of time zone differences.
22   Any other special arrangements desired in cases where settlement
23   authority rests with a governing body, shall also be proposed in
24   advance by letter copied to all other parties.

25   **4.**    Confidential Settlement Conference Statement.
26   At least five (5) days prior to the Settlement Conference the
27   parties shall submit, directly to the Magistrate Judge's
28   chambers, a confidential settlement conference statement.  The

statement should not be filed with the Clerk of the Court nor
served on any other party.  Each statement shall be clearly
marked "confidential" with the date and time of the Settlement
Conference indicated prominently thereon.  Counsel are urged to
request the return of their statements if settlement is not
achieved and if such a request is not made the Court will dispose
of the statement.

    5.   The Confidential Settlement Conference
Statement shall include the following:

    a.   A brief statement of the facts of the
case.

    b.   A brief statement of the claims and
defenses, i.e., statutory or other grounds upon which the claims
are founded; a forthright evaluation of the parties' likelihood
of prevailing on the claims and defenses; and a description of
the major issues in dispute.

    c.   A summary of the proceedings to date.

    d.   An estimate of the cost and time to be
expended for further discovery, pre-trial and trial.

    e.   The relief sought.

    f.   The parties' position on settlement,
including present demands and offers and a history of past
settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master,
Or Other Techniques To Shorten Trial.

    1.   To the extent Plaintiff requests punitive damages, the
amount, if any, shall be tried in a second phase of a continuous
trial before the same jury.

XVI. Related Matters Pending.

    A.    Plaintiff.

        1.    Plaintiff's position is that this matter is unrelated to any matter pending in this or any other court, including any bankruptcy court because the judgment awarded against Plaintiff after losing a previous lawsuit was discharged in 1998.

    B.    Defendants.

        1.    Defendants contend that if Plaintiff is awarded any monetary damages in this case that such damages will have to be offset by the amount of the judgment (plus interest) arising from his previous lawsuit against the Department (Tuolumne County Superior Court Case No. 39218).  This issue may need to be resolved by reopening Plaintiff's bankruptcy case (Eastern District Case No. 97-95987-7).

XVII.    Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.    Effect Of This Order.

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at

1  any time that the schedule outlined in this order cannot be met,

2  counsel are ordered to notify the court immediately of that fact

3  so that adjustments may be made, either by stipulation or by

4  subsequent scheduling conference.

5      2.   Stipulations extending the deadlines contained

6  herein will not be considered unless they are accompanied by

7  affidavits or declarations, and where appropriate attached

8  exhibits, which establish good cause for granting the relief

9  requested.

10     3.   Failure to comply with this order may result in

11  the imposition of sanctions.

12

13 IT IS SO ORDERED.

14 Dated:   May 19, 2011            _____/s/ Oliver W. Wanger_____
                                    UNITED STATES DISTRICT JUDGE

17