Shannon Seibert (State Bar No. 240317)
Joe Bautista (State Bar No. 255708)
SEIBERT & BAUTISTA
18711 Tiffeni Drive #17-129
Twain Harte, California 95383
Telephone: 209.586.2890
Facsimile: 888.874.8107

Attorneys for Plaintiff RAYMOND GUTHREY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GUTHREY,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, MICHAEL PATE, JR., and DOES 1 THROUGH 25, Inclusive,<br><br>　　　　　Defendants. | Case No.: 1:10-cv-02177-AWI-BAM<br><br>**PLAINTIFF'S AMENDED NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS' RESPONSES TO DISCOVERY**<br><br>Date:　　　　June 15, 2012<br>Time:　　　　9:00 a.m.<br>Courtroom:　　8<br>Judge:　　　　Hon. Barbara A. McAuliffe<br><br>Action Filed: November 19, 2010<br>Trial Date:　　June 17, 2013 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 15, 2012 at 9:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 8 of the U.S. District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, Plaintiff RAYMOND GUTHREY, pursuant to Eastern District Local Rule 37-251 and Federal Rules of Civil Procedure 33, 34, and 37, will move this Court for an order overruling Defendants' objections and compelling:

(1)　　Verified responses to Plaintiff's Interrogatories to Defendant MICHAEL PATE, JR. (Set One);

1

(2) Verified responses to Plaintiff's Interrogatories to Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (Set One);

(3) Production of documents in response to Plaintiff's Request for Production of Documents to Defendant MICHAEL PATE, JR. (Set One); and

(4) Production of documents in response to Plaintiff's Request for Production of Documents to Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (Set One) with the assistance of a third-party computer expert, with costs to be shared equally by Defendants and Plaintiff.

This motion will be made on the following grounds:

(1) Plaintiff RAYMOND GUTHREY properly served Interrogatories on Defendants PATE and CDCR seeking information relevant to Plaintiff's lawsuit on August 24, 2011. Defendants were required to answer each Interrogatory "fully in writing under oath." Fed. R. Civ. Proc. 33. Defendants have failed to provide written verification of the veracity of their responses.

(2) In response to Plaintiff's Interrogatories, Defendant Pate, following several extensions of time, refused to provide information responsive to Interrogatory Nos. 1 – 7, which seek information regarding Defendant PATE's religious beliefs and practices. Plaintiff is entitled to the information sought through these Interrogatories because Plaintiff's right to the discovery of information relevant to his claims outweighs the privacy interest Defendant PATE claims in defense of his refusal to respond. *See Cook v. Yellow Freight Sys.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990).

(3) In response to Plaintiff's Interrogatory No. 12, Defendant CDCR has refused or failed to provide identification of and contact information for percipient witnesses to the events that occurred on May 3, 2010 that underlie this suit. The information sought by Plaintiff is clearly likely to lead to admissible evidence, as the testimony of some if not all of the witnesses will shed light on the events of May 3, 2010, and contact information cannot be withheld on the basis of claimed third-party privacy rights. *See Sandres v. Corr. Corp. of Am.*, 2011 U.S. Dist. LEXIS 14369 (E.D. Cal. 2011); *Meiko Elecs. Am., Inc. v. De Monterrey*, 2008 U.S. Dist. LEXIS 93268 (N.D. Cal. 2008).

(4) In response to Plaintiff's Interrogatories, Defendant CDCR, following several extensions of time, refused to provide information responsive to Interrogatory Nos. 13 – 18, which seek information regarding complaints of religious or racial discrimination and information

2

regarding requests for religious accommodation made by Defendant CDCR's employees. Defendant's attempt to justify its refusal to provide the requested information based upon "relevancy" is misplaced. Plaintiff is entitled to the information sought through these Interrogatories because evidence of previous acts of discrimination committed by an employer is relevant to establishing the employer's liability in a future action. *EEOC v. Recruit U.S.A., Inc.,* 939 F.2d 746, 755 (9th Cir. 1991).

(5) Plaintiff RAYMOND GUTHREY properly served Requests for Production of Documents on Defendants PATE and CDCR seeking information relevant to Plaintiff's lawsuit on August 24, 2011 and served additional Requests on Defendant CDCR on October 4, 2011. In response to each request, Defendants were required to produce all responsive documents as they are kept in the ordinary course of business or organize and label them to correspond to the categories in the request. Fed. R. Civ. Proc. 34.

(6) In response to Plaintiff's Requests for Production of Documents, Defendant PATE, following several extensions of time, refused to provide documents responsive to Request Nos. 6 and 7, which seek documents related to Defendant PATE's religious beliefs and practices. Plaintiff is entitled to the documents sought through these Requests because Plaintiff's right to the discovery of information relevant to his claims outweighs the privacy interest Defendant PATE claims in defense of his refusal to so provide. *See Cook v. Yellow Freight Sys.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990).

(7) In response to Plaintiff's Requests for Production of Documents, Defendant CDCR, following several extensions of time, refused to provide documents responsive to Request Nos. 16 – 17 and 26 – 27, which seek documents relating to complaints of religious or racial discrimination and documents relating to requests for religious accommodation made by Defendant CDCR's employees. Defendant's attempt to justify its refusal to provide the requested documents based upon "relevancy" is misplaced. Plaintiff is entitled to the documents sought through these Requests because evidence of previous acts of discrimination committed by an employer is relevant to establishing the employer's liability in a future action. *EEOC v. Recruit U.S.A., Inc.,* 939 F.2d 746, 755 (9th Cir. 1991).

(8) In response to Plaintiff's Requests for Production of Documents, Defendant CDCR has failed to provide all documents within its possession, custody, or control that are responsive to Request Nos. 7, 8, and 12, which seek documents relating to Plaintiff's employment with and separation from Defendant CDCR. Defense counsel has repeatedly assured Plaintiff's counsel that a search would be conducted of Defendant's computer systems to locate all responsive documents based on a list of keywords submitted by Plaintiff's counsel on April 18, 2012. However, despite repeated follow-up attempts, Defendant has failed to conduct a search of its computer systems for responsive documents.

(9) In response to Plaintiff's Requests for Production of Documents, Defendant CDCR has failed to provide all documents within its possession, custody, or control that are responsive to Request No. 6, which seek documents contained within the personnel file of Defendant PATE. Plaintiff limited his request to specific categories, including records of Defendant PATE's work performance and history, on December 17, 2011, and Defendant agreed to produce responsive documents once a protective order was entered in the case. The Court entered the parties' stipulated protective order in this matter on February 23, 2012. Defendant CDCR subsequently produced ten (10) pages Bates-stamped 330-340, none of which provide information regarding Defendant PATE's work performance or history.

(10) In response to Plaintiff's Requests for Production of Documents, Defendant CDCR has failed to provide documents responsive to Request No. 14, which seeks Defendant PATE's job description. Defendant agreed to produce the requested documents in its Response to Plaintiff's Request but has not produced any documents responsive to this Request.

(11) In response to Plaintiff's Requests for Production of Documents, Defendant CDCR has failed to provide all documents within its possession, custody, or control that are responsive to Request Nos. 23 and 24, which seek documents relating to Plaintiff's discrimination charge against Defendants. Defense counsel has repeatedly assured Plaintiff's counsel that a search would be conducted of Defendant's computer systems to locate all responsive documents based on a list of keywords submitted by Plaintiff's counsel on April 18, 2012. However, despite repeated follow-up attempts, Defendant has failed to conduct a search of its computer systems for responsive documents.

(12) In response to Plaintiff's Requests for Production of Documents, Defendant CDCR has refused to provide documents responsive to Request No. 28, which seeks documents contained within the personnel file of Rafael Mendoza, an individual similarly situated to Plaintiff. Defendant initially agreed to produce the requested documents once a protective order was entered in the case before changing course and refusing to produce the requested documents. The Court entered the parties' stipulated protective order in this matter on February 23, 2012. More than six weeks later, following repeated attempts by Plaintiff's counsel to obtain the documents and repeated assurances by defense that they would be produced, Defendant ultimately refused to produce the documents.

(13) Of the documents that Defendant CDCR has produced, it has improperly redacted employee names from documents (CDCR 000010, CDCR 000011, and CDCR 000132) and produced emails in paper rather than electronic form (CDCR 000068). Though defense counsel has assured that unredacted and electronic versions will be provided, Plaintiff includes this ground out of an abundance of caution and concern for judicial economy in the event Defendant fails to provide the documents as promised.

This Motion will be based on this Notice of Motion and Motion, the Joint Statement re Discovery Disagreement filed herewith, supporting affidavits, all pleadings and records on file with the Court, and on such oral and documentary evidence as may be presented at the hearing of this motion.

DATED: June 8, 2012                                    SEIBERT & BAUTISTA

                                                       By: _/s/ Shannon Seibert_
                                                           Shannon Seibert
                                                           Attorneys for Plaintiff Raymond Guthrey

5

Plaintiff's Notice of Motion & Motion to Compel Defendants' Responses to Discovery